IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY BOWEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-1433 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Bissoon |
| SUPERINTENDENT LOUIS FOLINO, | ) | |
| | ) | |
| Defendants. | ) | Re ECF No. 13 |

## MEMORANDUM OPINION AND ORDER

Anthony Bowen ("Plaintiff") currently is serving a life sentence in the Pennsylvania Department of Corrections for first degree murder.[1] He apparently was overcome by hot steam while in the shower at SCI-Greene, fainted, and injured himself. Although Plaintiff does not explicitly invoke the Eighth Amendment, a liberal construction of the complaint reveals that he is claiming an Eighth Amendment violation. Because the complaint reveals, at most, negligence, which fails to state an Eighth Amendment claim, the complaint should be dismissed.

### A. Relevant Procedural and Factual History

Proceeding *pro se* and *in forma pauperis* ("IFP"), Plaintiff, filed a civil rights complaint, ECF No. 3, naming one defendant, i.e., Louis Folino, the Superintendent of SCI-Greene. The factual allegations contained in Plaintiff's complaint read *in toto* as follows:

> 1) I'm filing this civil action against "Superintendent Louis S. Folino," Department of Corrections. On 7-27-09, I was taking a shower on G-D-unit at SCI Green [sic] Prison. During the shower[,] the water became extreamly [sic] hot [and] steamy, I

---

[1] The Court takes judicial notice of the dockets in the Court of Common Pleas of Philadelphia County, Commonwealth v. Anthony Bowen, CP-51-CR-1207411-1996, available at: http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?docketNumber=CP-51-CR-1207411-1996 (Site last visited 3/3/2011).

1

> couldn't breath [and] blacked out. From me passing out[,] I suffered from neck and back problems, witch [sic] now I have to walk with a walker [and] I['] m in constant pain.
> 2) I will prove in court the D.O.C. staff acted in deliberate indifference, by putting me in a "dangerous situation." I intend to prove this by calling witnesses [and] showing that other inmates put in grievances[,] complaining that they couldn't breath [sic] in this shower, befor[e] my accident and staff knowing this shower [was] a "hazzard" [sic] not only to myself by [sic] all inmates.
> I'm seeking $5 million dollas [sic] for monatary [sic], punitive, physical, emotional [and] psychological damages.
> 3) I want this case tryed [sic] in Fedral [sic] court becaus [sic] my civil rights was [sic] violated by knowingly putting my life in danger.

ECF No. 3 at 1. Defendant Folino filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), ECF No. 13, and a brief in support. ECF No. 14. After being ordered to do so, Plaintiff filed a response. ECF No. 18. Both parties have consented to have the Magistrate Judge exercise plenary jurisdiction.

### B. Applicable Legal Principles

As the United States Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). Nevertheless, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by,* 275 F.3d 1187 (9th Cir.

2001). Nor must a court accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). A court also may not accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In addition, because Plaintiff is a prisoner proceeding IFP, who seeks redress from a governmental entity or an employee of an governmental entity, and who has filed a civil action concerning the conditions of confinement, the screening provisions of 28 U.S.C. §§ 1915(e) and 1915A and 28 U.S.C. § 1997e(c) apply. Pursuant to these screening provisions, a court is obliged to *sua sponte* dismiss complaints that are frivolous, malicious or that fail to state a claim upon which relief can be granted. Moreover, if there is a ground for dismissal, which was not relied upon by a defendant in a motion to dismiss, or, if a defendant did not even file a motion to dismiss, the court may nonetheless dismiss the case or claim *sua sponte*, pursuant to the screening provisions of the PLRA. See Lopez v. Smith, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000); Dare v. U.S., CIV.A.06-115E, 2007 WL 1811198, at *4 (W.D.Pa. June 21, 2007), *aff'd*, 264 F.App'x 183 (3d Cir. 2008).

**C. Discussion**

Defendant points out that Plaintiff's allegations amount, at most, to negligence, which is insufficient, as a matter of law, to sustain a Section 1983 cause of action. ECF No. 14 at 5 to 11. The Court agrees.

Plaintiff cannot, on the facts alleged, demonstrate that Superintendent Folino acted intentionally or with deliberate indifference as is necessary for an Eighth Amendment claim.

3

Daniels v. Williams, 474 U.S. 327, 333 (1986) ("injuries inflicted by governmental negligence are not addressed by the United States Constitution"); Woodward v. City of Worland, 977 F.2d 1392, 1399 (10th Cir. 1992) ("[L]iability under § 1983 must be predicated upon a '*deliberate*' deprivation of constitutional rights by the defendant" and not on negligence); Kwasnik v. LeBlon, 228 F. App'x 238, 244 (3d Cir. 2007) ("Liberally construing the Amended Complaint, as we must, we conclude that the allegations, and reasonable inferences drawn therefrom, at best, merely state a negligence claim. Negligence claims are not cognizable under § 1983.").

> To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is *obduracy and wantonness, not inadvertence or error in good faith*, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.

Wilson v. Seiter, 501 U.S. 294, 298-99 (1991) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)) (emphasis added by the Wilson Court).

In his response, Plaintiff argues that he is seeking to hold Defendant Folino liable because Folino "knew of the extream [sic] heat in the shower [and] that there was a safety issue because a number of inmates filed grievances complaining about the shower and heat." ECF No. 18. As an initial matter, this allegation is not contained in the complaint. Grayson v. Mayview State Hospital, 293 F.3d 103, 109 n.9 (3d Cir. 2002) ("For the sake of clarity, a prisoner plaintiff (or any other plaintiff) should not be able effectively to amend a complaint through any document short of an amended pleading."); Commonwealth of Pa. ex. rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Moreover, even if we permitted

4

Plaintiff leave to amend his complaint in order to include this new allegation, the simple allegation in Plaintiff's response is inadequate under Twombly and Iqbal to state a claim against Superintendent Folino because mere knowledge by Folino of a potentially dangerous condition without any allegations as to the time frame of past occurrences and when other complaints were made and when Folino acquired such knowledge of a dangerous situation (so that he might take steps to rectify it) do not suffice to state an Eighth Amendment claim. See Graham v. Poole, 476 F.Supp.2d 257, 260 (W.D.N.Y 2007) (in case concerning prisoner slip-and-fall claim, holding on a motion to dismiss that "[a]lthough plaintiff alleges that defendants were aware of the dangerous condition of the shower floor and failed to rectify it, that amounts to nothing more than negligence, and is not enough to establish an Eighth Amendment claim"); Davis v. Reilly, 324 F.Supp.2d 361, 367 (E.D.N.Y.2004) (holding on a motion to dismiss that even if the individual defendant "had notice of wet floors outside the shower area prior to the plaintiff's slip and fall," the alleged "failure to provide shower mats [to remedy the situation] does not rise to the level of a constitutional violation within the meaning of Section 1983 and . . . thus is not actionable"). Accordingly, at most, the complaint alleges mere negligence and not an Eighth Amendment claim.

In the alternative, even if the complaint adequately alleged an Eighth Amendment claim, the complaint should be dismissed because Defendant Folino is entitled to qualified immunity. Qualified immunity "shields government officials performing discretionary functions 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Miller v. Clinton County, 544 F.3d 542, 547 (3d Cir. 2008) (quoting Harlow v. Fitzgerald, 457 U.S. 800 (1982)).

The immunity, therefore, applies "unless the official's conduct violated a clearly established constitutional right." Pearson v. Callahan, 555 U.S. 223, __, 129 S.Ct. 808, 816 (2009). Generally, the question of whether qualified immunity applies consists of two inquiries: (i) whether the official's conduct at issue violated a constitutional right and (ii) whether the constitutional right alleged to have been violated was "clearly established" at the time of the conduct. Pearson, 129 S.Ct. at 815-16.

For the purposes of analyzing qualified immunity, even if we assume that Plaintiff's Eighth Amendment rights were violated, (which on the facts alleged, we cannot so find), we find that it would not have been clear to a reasonable official in the shoes of Folino that what he allegedly did or failed to do violated any of Plaintiff's clearly established federal rights. The Supreme Court has explained that for a right to have been "clearly established" at the time of the violation, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. The relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001) (some citations omitted), *receded from on other grounds by*, Pearson v. Callahan, 129 S.Ct. 808 (2009).

In light of the above cited case law, holding that mere negligence is insufficient to state an Eighth Amendment claim, and other case law on incidents involving scalding[2] and failures to

---

[2] See, e.g., Caldwell v. Beard, No. 2:07-cv-727, 2008 WL 2887810, at *1 (W.D. Pa. July 23, 2008) ("Because the scalding incident amounts at most to negligence and negligence is below a constitutional threshold, Plaintiff's Eighth Amendment claims should be dismissed for failure to state a claim."), *aff'd*, 324 F.App'x 186 (3d Cir. 2009).

6

make repairs,[3] and in light of the alleged facts, it would not have been clear to a reasonable official in Defendant Folino's shoes, that his alleged acts or failures to act violated any of Plaintiff's federal rights.

**ACCORDINGLY**, it is **ORDERED** that the Defendant Folino's Motion to Dismiss, ECF No. 13, is **GRANTED** and Plaintiff's complaint is dismissed without prejudice. Because amendment here would not be futile, it is further **ORDERED** that Plaintiff shall be granted until March 28, 2011, by which to file an amended complaint in order to plead facts necessary to state an Eighth Amendment claim against Defendant Folino.[4] In the event of amendment, Defendant Folino may file a motion to dismiss, directed at the amended complaint, within twenty (20) days from the date of the amended complaint being filed. Failure to file an amended complaint by March 28, 2011, will result in the complaint being dismissed with prejudice.

s/Cathy Bissoon
Cathy Bissoon
Date: March 7, 2011　　　　　　　　　　　　　　United States Magistrate Judge

cc:
　　Anthony Bowen
　　DP-7155
　　175 Progress Drive
　　Waynesburg, PA 15370

---

[3] Warren v. State of Missouri, 995 F.2d 130 (8th Cir. 1993) (failure to provide safety equipment on saw, even with knowledge of prior accidents, not deliberate indifference); Arnold v. South Carolina Dept. Of Corrections, 843 F.Supp. 110, 111 (D.S.C. 1994) (kitchen supervisor not deliberately indifferent when he failed to repair large boiling pot that tipped and burned inmate, despite his knowledge that pot needed to be repaired).

[4] Plaintiff is directed to attach to any amended complaint that he may choose to file, copies of all of his grievances and his grievance appeals, concerning the shower incident and all responses to Plaintiff's grievances and grievance appeals concerning the shower incident.