IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY BOWEN, | ) |
|           Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 09-1433 |
| | ) Magistrate Judge Maureen P. Kelly |
| SUPERINTENDENT LOUIS S. FOLINO, | ) |
| Department of Corrections, | ) |
|           Defendant. | ) |

OPINION AND ORDER

Anthony Bowen ("Bowen") is currently serving a life sentence in the Pennsylvania Department of Corrections for first degree murder.[1] He has brought this civil rights action against Louis S. Folino, the Superintendent of the State Correctional Institution at Greene ("SCI-Greene"), after he was allegedly overcome by hot steam while in the shower, fainted, and injured himself as a result of the fall. Bowen contends that because Defendant Folino was aware of "the extream [sic] deadly conditions of the showers," he has violated Plaintiff's Eighth Amendment right against cruel and unusual punishment. Having found that Bowen's allegations set forth in the original Complaint, at most, stated a claim for negligence, which does not give rise to an Eighth Amendment violation, and that he nevertheless failed to allege sufficient facts to state a claim against Folino, Bowen was given an opportunity to amend the Complaint. Because Bowen has still failed to plead any facts in the Amended Complaint to state an Eighth Amendment claim against Defendant Folino, the Amended Complaint is properly dismissed.

A.     **FACTUAL AND PROCEDURAL BACKGROUND**

Bowen submitted the original Complaint in this matter on October 27, 2009,

---

[1] The Court takes judicial notice of the dockets in the Court of Common Pleas of Philadelphia County, *Commonwealth v. Anthony Bowen*, CP-51-CR-1207411-1996, available at:
http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?docketNumber=CP-51-CR-1207411-1996.

naming Louis Folino ("Folino"), the Superintendent of SCI-Greene, as the sole defendant. The factual allegations contained in Bowen's original Complaint read in their entirety as follows:

> 1) I'm filing this civil action against "Superintendent Louis S. Folino," Department of Corrections. On 7-27-09, I was taking a shower on G-D-unit at SCI Green [sic] Prison. During the shower[,] the water became extreamly [sic] hot [and] steamy, I couldn't breath [and] blacked out. From me passing out[,] I suffered from neck and back problems, witch [sic] now I have to walk with a walker [and] I["]m in constant pain.
>
> 2) I will prove in court the D.O.C. staff acted in deliberate indifference, by putting me in a "dangerous situation." I intend to prove this by calling witnesses [and] showing that other inmates put in grievances[,] complaining that they couldn't breath [sic] in this shower, befor[e] my accident and staff knowing this shower [was] a "hazzard" [sic] not only to myself by [sic] all inmates.
>    I'm seeking $5 million dollas [sic] for monatary [sic], punitive, physical, emotional [and] psychological damages.
>
> 3) I want this case tryed [sic] in Fedral [sic] court becaus [sic] my civil rights was [sic] violated by knowingly putting my life in danger.

ECF No. 3 at 1.

Defendant Folino filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on July 2, 2010, to which Bowen responded on July 27, 2010. ECF Nos. 13, 18. The Court issued a Memorandum Opinion and Order on March 7, 2011, finding that "Plaintiff cannot, on the facts alleged, demonstrate that Superintendent Folino acted intentionally or with deliberate indifference as is necessary for an Eighth Amendment claim." ECF No. 22 at 3-4. Noting that Bowen had argued in his responsive brief that Folino should be held liable because he "knew of the extream [sic] heat in the shower [and] that there was a safety issue because a number of inmates filed grievances complaining about the shower and heat," ECF No. 18, the Court found that, even if it permitted Bowen to amend his complaint to include this new allegation, it would

2

still be insufficient under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). ECF No. 22 at 4-5. Specifically, the Court found that:

> mere knowledge by Folino of a potentially dangerous condition without any allegations as to the time frame of past occurrences and when other complaints were made and when Folino acquired such knowledge of a dangerous situation (so that he might take steps to rectify it) do not suffice to state an Eighth Amendment claim. See Graham v. Poole, 476 F. Supp. 2d 257, 260 (W.D.N.Y 2007) (in case concerning prisoner slip-and-fall claim, holding on a motion to dismiss that "[a]lthough plaintiff alleges that defendants were aware of the dangerous condition of the shower floor and failed to rectify it, that amounts to nothing more than negligence, and is not enough to establish an Eighth Amendment claim"); Davis v. Reilly, 324 F. Supp. 2d 361, 367 (E.D.N.Y.2004) (holding on a motion to dismiss that even if the individual defendant "had notice of wet floors outside the shower area prior to the plaintiff's slip and fall," the alleged "failure to provide shower mats [to remedy the situation] does not rise to the level of a constitutional violation within the meaning of Section 1983 and . . . thus is not actionable"). Accordingly, at most, the complaint alleges mere negligence and not an Eighth Amendment claim.

ECF No. 22 at 5. The Court nevertheless gave Bowen an opportunity to amend his complaint "in order to plead facts necessary to state an Eighth Amendment claim against Defendant Folino." ECF No. 22 at 7.

Bowen filed an Amended Complaint on March 11, 2011. ECF No. 23. Folino filed a Motion to Dismiss Amended Complaint on May 24, 2011, to which Bowen responded on August 16, 2011. ECF Nos. 27, 33. As such, the motion is now ripe for review.

**B.     STANDARD OF REVIEW**

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In

assessing the sufficiency of the complaint, the Court must accept as true all allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff.  Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008).  The Court, however, need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Public Employees' Retirement System v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the Court accept legal conclusions set forth as factual allegations; rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986).  See  Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

**C.    DISCUSSION**

Folino initially argues that Bowen has not adequately amended the allegations raised in his Complaint to state a claim under the Eighth Amendment.  Specifically, Folino contends that the allegations set forth by Bowen in the Amended Complaint do not provide any additional information that was not already considered by the Court and found lacking.  The Court agrees.

In the Amended Complaint, Bowen alleges that "his Eighth Amendment rights was violated by Superintendent Folino when Superintendent Folino was already 'aware' of the 'extream' deadly condictions of the showers on G-D Unit at Sci Green." ECF No. 23 at ¶ 2.

Bowen then refers to an affidavit that he has attached to the Amended Complaint from another inmate, Reginald Blount, in which Blount indicates that he had filed a grievance complaining about the showers on July 24, 2009.  ECF No. 23-1 at 1.  Blount further states that Lieutenant Price came to speak with him about his grievance on July 29, 2009, and allegedly explained to Blount that maintenance had addressed the issue and turned the water temperature down.  Id.  Bowen then concludes that, "[i]n support with the evidence of Grievances from other Inmates, and staff at Sci Green' prison souch as Deputy Martin, Deputy who states in the Grievance Findings that there was a problem with the water temputre & that the had a work order to fix the shower, with this prior knowledge they still knowly put me into a dangerour situation.  See Grievance #202800."  ECF No. 23, ¶ 5.  In support thereof, Bowen has submitted the Department of Corrections' response to the grievance he filed regarding the showers -- Grievance # 202800 -- in which Lieutenant Price states that he "had the maintenance department check, and recheck and adjust the water temperature."  ECF No. 23-1 at 2.

   Although Bowen now expressly states in the Amended Complaint that Folino was "already aware" of the conditions in the shower, ECF No. 23 at ¶ 1, that information was provided to and considered by the Court when it addressed Defendant's first Motion to Dismiss.  ECF No. 22 at 4-5.  Moreover, Bowen had previously alleged that other inmates had complained and filed grievances relative to the allegedly dangerous shower conditions in Bowen's unit.  ECF No. 3 at ¶ 2.  Thus, the only new information submitted by Bowen in conjunction with the Amended Complaint is Lieutenant Price's response to his grievance and Reginald Blount's affidavit.  These additional "facts," however, do not provide the basis for finding that Folino was aware of or had knowledge of the allegedly dangerous condition relative to the showers in

5

Bowen's unit. As pointed out by Folino, neither Bowen nor Mr. Blount make reference to a conversation or any interaction with Folino. Nor do they suggest that Folino was otherwise privy to the complaints and/or grievances submitted by them or other inmates. Indeed, the documents that Bowen has attached to his Amended Complaint indicate that the grievances filed by him and Mr. Blount were received and addressed by other staff members and not by Folino. Bowen therefore has failed to allege facts that would raise his right to relief above the speculative level or permit the Court to infer that Folino violated his Eighth Amendment rights. See Reedy v. Evanson, 615 F.3d 197, 231 (3d Cir. 2010), cert. denied, ___ U.S. ___, 131 S. Ct. 1571 (2011), quoting Baker v. Monroe Twp., 50 F.3d 1186, 1190–91 (3d Cir. 1995) ("In order to establish supervisory liability, Reedy must show that Mannell 'participated in violating [her] rights, or that he directed others to violate them, or that he, as the person in charge ... had knowledge of and acquiesced in his subordinates' violations'").[2] Accordingly,

AND NOW, this 2nd day of December, 2011, having failed to cure the previously noted deficiencies in the original Complaint or otherwise state a claim against Defendant Folino under the Eighth Amendment, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Amended Complaint, ECF No. 27, is GRANTED and Plaintiff's Amended Complaint is DISMISSED with prejudice.

---

[2]The Court also notes that even if Bowen had alleged sufficient facts from which it could be found that Folino was aware of the allegedly dangerous conditions in the showers, Bowen would still be unable to prevail on an Eighth Amendment claim. As previously found by the Court, Bowen's claim, at most, amounts to a claim for negligence which does not rise to the level of the intentional or deliberate indifference required to establish a constitutional violation under Section 1983. See Daniels v. Williams, 474 U.S. at 333; Woodward v. City of Worland, 977 F.2d at 1399; Kwasnik v. LeBlon, 228 Fed. Appx. at 244. See also Warren v. State of Missouri, 995 F.2d 130 (8th Cir. 1993) (failure to provide safety equipment on saw, even with knowledge of prior accidents, not deliberate indifference); Arnold v. South Carolina Dept. Of Corrections, 843 F. Supp. 110, 111 (D.S.C. 1994) (kitchen supervisor not deliberately indifferent when he failed to repair large boiling pot that tipped and burned inmate, despite his knowledge that pot needed to be repaired).

BT THE COURT,


/s/ Maureen P. Kelly
United States Magistrate Judge


cc: Anthony Bowen
DP-7155
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

All counsel of record via CM/ECF